NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

―――――――――――

**RICARDO JOSE CALDERON LOPEZ, dba Starlight Consulting Services, STARLIGHT ENTERTAINMENT ENTERPRISES, INC., STARLIGHT MUSIC MANAGEMENT, INC.,**
*Plaintiffs-Appellants*

**v.**

**KETANJI BROWN JACKSON, MICHAEL HARVEY, OTTIS D. WRIGHT, II, DALE S. FISHER, ALICIA G. ROSENBERG, STEPHEN WILSON, KANDIS A. WESTMORE, EDWARD J. DAVILA, LUCY H. KOH, EDWARD M. CHEN, MAXINE M. CHESNEY, DONALD L. GRAHAM, in their individual capacities,**
*Defendants-Appellees*

―――――――――――

2024-2046

―――――――――――

Appeal from the United States District Court for the Central District of California in No. 2:22-cv-01562-PA-RAO, Judge Percy Anderson.

―――――――――――

**ON MOTION**

―――――――――――

PER CURIAM.

## O R D E R

Ricardo Jose Calderon Lopez moves for leave to proceed *in forma pauperis*. The court dismisses this appeal for lack of jurisdiction.

On March 10, 2022, the district court dismissed Mr. Calderon Lopez's complaint directed at various federal judges. Mr. Calderon Lopez appealed that decision to the United States Court of Appeals for the Ninth Circuit, which dismissed for failure to prosecute on June 21, 2022. On June 14, 2024, Mr. Calderon Lopez filed a notice of appeal from the "3/10/22" decision. ECF No. 1-2 at 1.

"[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement," *Bowles v. Russell*, 551 U.S. 205, 214 (2007), and, in order to be timely, a notice of appeal must generally be filed within 60 days after entry of final judgment when a case involves United States officers, 28 U.S.C. § 2107; Fed. R. App. P. 4. Here, Mr. Calderon Lopez's notice of appeal, filed more than 2 years after the district court entered final judgment, is clearly untimely. For at least this reason, we and any other court of appeals lack jurisdiction.

Accordingly,

CALDERON LOPEZ v. JACKSON                                                    3

IT IS ORDERED THAT:

(1)  The appeal is dismissed, and all pending motions are denied.

(2)  Each party shall bear its own costs.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

July 25, 2024
Date